INHABITANTS OF ASHLAND *vs.* INHABITANTS OF MARLBOROUGH

To prove that a person was diseased when he enlisted, evidence is not admissible, in an action to which he is not a party, of his statement, shortly before enlisting, to a witness not an expert, of what a physician had told him concerning his health; nor of his statement, afterwards, to this witness, that he was diseased before he went into the army; nor of the opinion of the witness that before enlisting he did not appear like a well man.

CONTRACT for expenses of supporting William H. Maynard and his family.

At the trial in the superior court, before *Brigham,* J., it was admitted that Maynard had a settlement in Marlborough formerly; and the question was, whether the St. of 1865, *c.* 230, § 1, transferred it to Ashland. On this question the facts were so agreed that the only issue for the jury was, whether Maynard, who was mustered into the military service in July 1861, on the quota of Ashland, and was discharged in January 1862 on account of chronic inflammation of the kidneys, and died in July 1865, did or did not become disabled from disease contracted while engaged in such service.

Among other evidence offered, and admitted against the objection of the defendants, one witness, not a physician, testified that Maynard, while in his employment before enlisting, said one day that " he had seen Dr. Jackson, who told him he had got a bad thing on him, and that his kidneys were diseased; " and that, another day, after Maynard had been discharged from the service, the witness asked him what ailed him, and he said " his old complaint before he went into the army; " and another witness, who also was not a physician, testified that Maynard, before enlisting, " did not appear like a well man."

The jury returned a verdict for the plaintiffs ; and the defendants alleged exceptions.

*G. A. Somerby & W. B. Gale,* for the defendants.

*T. H. Sweetser & T. C. Hurd,* for the plaintiffs.

CHAPMAN, J.   The question in issue between the parties was, whether Maynard, who enlisted into the service of the United States on the 2d of July 1861, became disabled by disease con-

tracted in the service, or whether he had the disease before **he** enlisted. One species of the evidence which was offered to prove that he was diseased before he enlisted was his own language. The principle which applies to such evidence is stated in *Bacon* v. *Charlton,* 7 Cush. 586. Evidence of the usual and natural expression of present feelings or emotions is admissible, though it consist wholly or partly of words. But such evidence is not to be unnecessarily extended, and is not to include narration of what is past. A physician, who is called as an expert, may testify to the statements which a sick or injured person made to him as his patient, for the purpose of obtaining his professional aid, as to the character and seat of his injuries and sensations, and describing his condition and symptoms. *Barber* v. *Merriam,* 11 Allen, 322. But a physician's testimony cannot include a recital of past events which his patient made to him. *Chapin* v. *Marlborough,* 9 Gray, 244. *Emerson* v. *Lowell Gas Light Co.* 6 Allen, 146.

A person who is not an expert may testify to the acts and appearance of another which indicate disease or disability, or the contrary ; but may not give opinions on the subject.

Upon the principles above stated, the evidence of Maynard's statement as to what Dr. Jackson had told him ; and as to his having had a complaint before he went into the army ; and the opinion of a witness who was not an expert that he did not appear like a well man ; were inadmissible.

It is not necessary to state the application of these principles to every particular of the evidence offered, for upon a new trial the evidence may be varied ; and the principles stated are sufficient guides in the admission or exclusion of evidence.

*Exceptions sustained.*