CAROLINE T. PARKER *vs.* BOSTON & HINGHAM STEAMBOAT COMPANY.

.n an action to recover for personal injuries caused by an accident, the plaintiff's daughter may testify that the plaintiff was decidedly worse at the time of the trial than she was two months after the accident, and could not do so much work as before.

In an action against a steamboat company to recover for injuries to a passenger, caused by the fall of a gangway plank leading from a wharf to the defendants' boat, evidence that men working at the gangway were warned, shortly before the accident, that the plank was unsafe, is admissible, if there is evidence which would justify the jury in finding that such men were servants of the defendants.

TORT against common carriers for injuries to a passenger in August 1869, caused by the fall of a gangway plank on which she was passing from a wharf to a steamboat of the defendants, and which the defendants were in fault in not having properly secured or tended.

On the trial at April term 1871 of this court, before *Wells*, J., Susan Parker, the plaintiff's daughter, was allowed, against the defendants' objection, to testify as follows : " The plaintiff is decidedly worse than she was two months after the accident. She is not able to do so much work as before."

One Bradshaw, called as a witness by the plaintiff, was allowed, against the defendants' objection, to testify, that before the accident he called the attention of " hands," who were taking in freight near the gangway, to the unsafe condition of the plank. One Hildreth, also called as a witness by the plaintiff, was allowed, against the defendants' objection, to testify that, seeing the unsafe condition of the plank, he said to a man who was taking in trunks and valises at the gangway that there should be some one to take care of the plank, and that the man replied : " It is none of your business ; I will take care of mine."

" It appeared that at the time of the accident the mate of the vessel was somewhere upon the wharf ; that the captain had gone up to the head of the wharf ; that there was no one attending to the gangway, or superintending the passage of passengers across the same, and no one in the vicinity of the gangway, on board the boat, either superintending the men who were bringing on board the freight and baggage, or in charge of affairs there, other than the men themselves, who were thus engaged. The captain of the vessel was called by the defendants, and there was no denial that the men who took on board the freight and baggage were in the employ of the defendants."

There was no other evidence than as above stated to show that the men spoken to by Bradshaw and Hildreth were servants of the defendants.

The jury returned a verdict for the plaintiff, and the defend ants alleged exceptions.

*L. M. Child*, for the defendants.

*T. Willey*, for the plaintiff.

MORTON, J.   The first exception is to the ruling of the court admitting the testimony of a daughter of the plaintiff, to the effect that " the plaintiff is decidedly worse than she was two months after the accident.   She is not able to do so much work as before."   The defendants object that this was a mere expression of opinion by the witness and therefore incompetent.   There are many cases in which a witness may state the result of his observation, though it involves in some measure his opinion or judgment.   Such are questions of the identity, size or distance of persons or things, and many others.   *Commonwealth* v. *Dorsey*, 103 Mass. 412.   We think the case at bar falls within this class of cases.   The witness had the means of observing the plaintiff from time to time, and her testimony was as to facts within her observation and not a mere expression of opinion reached by a process of reasoning and deduction.   She stated what she saw, that the plaintiff was not able to do as much work and was not as well as she was two months after the accident.   In *Ashland* v. *Marlborough*, 99 Mass. 47, upon which the defendants rely, the inquiry was whether the pauper, whose settlement was in dispute, had, several years before the trial, an obscure disease.   The testimony of a witness, not a physician, that the pauper did not then appear like a well man, was held to be incompetent.   The witness did not testify to any appearances which indicated disease, such as weakness or inability to labor.   His testimony was an expression of his opinion and not a statement of facts observed by him.   We think the two cases are distinguishable.

The only other exception is to the admission of the testimony of two witnesses that they gave notice to the persons employed in taking freight and baggage into the boat, of the insecure condition of the gangway plank.   The negligence charged was that the defendants did not properly secure and tend the gangway plank by which passengers went on board the boat.   Testimony that the attention of the agents or servants of the defendants was called to the insecure condition of the plank was competent to show such negligence.   The defendants contend that there was no evidence that the persons notified were their agents.   But

there was clearly some evidence tending to show this fact. The men who were notified were employed in the appropriate work of such servants, no one else was present to perform such work, one of the witnesses described them as "hands," and the captain, who was a witness for the defendants, did not deny that those men were the servants of the defendants. The only reasonable inference is that they were the servants of the defendants, and the jury were justified in so finding.        *Exceptions overruled.*