BENJAMIN F. ELLIS & others *vs.* CLARENCE S. ELLIS, executor.

Plymouth. Oct. 17. — 19, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

On the issue whether a testator was of sound and disposing mind at the time of the execution of his will, a witness, who had testified that he saw the testator a short time before, and again after, he had been prostrated by a shock of paralysis, by which it was contended the testator's mental incompetency was occasioned, was asked the following question: "What was the testator's condition and appearance, as regarding his conduct and conversation at the latter interview, as compared with his conduct and conversation at the former interview?" *Held*, that the question was properly excluded.

APPEAL from a decree of the Probate Court, allowing the will of Joseph Ellis.

At the hearing, before *Devens*, J., the will was contested, on the grounds that the testator was not of sound and disposing mind, and was under influence at the time the will was executed. It appeared in evidence that, about a year before the will was executed, the testator had been prostrated by a shock of paralysis; and it was contended by the appellants that the testator's mental incompetency was mainly occasioned by such shock. A witness called by the appellants testified that he saw the testator a short time before, and again after, the shock. For the purpose of showing the testator's mental and physical condition after the shock, and shortly before the time of the execution of the will, the appellants' counsel put to the witness the following question: "What was the testator's condition and appearance, as regarding his conduct and conversation at the latter interview, as compared with his conduct and conversation at the former interview?" This question was objected to by the appellee, and excluded by the judge, in. this form, the judge stating that, though any facts observed by the witness before or after the shock might be stated, having relation to the condition of the testator, the question as proposed called for an expression of opinion and comparison of opinion, and not a comparison of facts. To this ruling the appellants alleged exceptions.

*E. Davis*, for the appellants.

*P. Simmons*, for the appellee.

BY THE COURT. The question put by the counsel of the appellants, and excluded, was ambiguous. It might, and probably would, be understood by the witness as calling for his opinion as to the mental·condition of the testator. It was competent for the court to require the appellants' counsel to change the form of his question so as to avoid this ambiguity.

*Exceptions overruled.*