## COMMONWEALTH vs. ERASTUS W. BRAYMAN.

Franklin.   Jan. 25. — Feb. 28, 1884.   DEVENS & C. ALLEN, JJ., absent.

On the issue of the mental capacity of a person at a particular time, a witness
who is not an expert may be asked whether he noticed any difference in such
person's mode of doing business at that time and at a previous time.

A witness who is not an expert may testify whether within a given time a person
has failed mentally or physically; but a witness who is not an expert cannot
be asked his opinion as to the mental capacity of a person at a certain time;
and this rule excludes all persons, except those having scientific training on
the subject, or physicians, from giving their opinions.

At the trial of an indictment for conveying incumbered real estate, without in-
forming the grantee of the existence of the incumbrance, if there is evidence
tending to show a loss of mind and memory on the part of the defendant, who
was sixty-nine years old at the time of the conveyance, the refusal to allow
him to testify that he met with a large loss of property just before the convey-
ance affords him good ground of exception.

INDICTMENT on the Gen. Sts. c. 161, § 59, alleging that the
defendant, on February 10, 1876, at Buckland, conveyed certain
real estate, knowing that an incumbrance existed thereon, with-
out, before the consideration was paid, informing the grantee of
the existence and nature of such incumbrance.   Trial in the
Superior Court, before *Aldrich*, J., who allowed a bill of excep-
tions, in substance as follows:

At the time of the conveyance, the defendant was sixty-nine
years old, and the trial was six years after.   He introduced sev-
eral witnesses to show that his mind and memory were so en-
feebled by age and infirmity as to render it probable that he had
forgotten the prior incumbrance.   These witnesses were allowed
to testify that he was broken with age at the time, and to all
other facts in his conduct indicating a loss of mind and memory.

One Jillson, who testified that he had known the defendant
twelve years, and had business transactions with him, was asked
by the defendant, " Did you notice any difference in his mode of
conducting business six years ago from his mode twelve years
ago? "   This question was excluded; but the witness was al-
lowed to state any act of the defendant, or fact, showing any
change in his mode of doing business.   One Bassett, who had
testified that he had been well acquainted with the defendant
twenty years and more, and had done business for him, was asked

relative to the defendant's condition, " whether six years ago he had failed." This question was also excluded. Both these witnesses were allowed to testify to any acts or conversations and business transactions of the ·defendant, indicating a loss of memory·or mental weakness. Chester C. Conant, judge of probate, testified, that, in his judicial capacity, he had been accustomed to study and decide, upon evidence, questions relating to the capacity of men as to mind and memory; that he had known the defendant since 1860; and testified to certain facts in his conduct indicating loss of memory. The defendant asked him, " What in your opinion was the defendant's capacity six years ago?" and, " Was he a man capable of performing the ordinary business of life six years ago?" These questions were excluded. The defendant then asked whether at that time the defendant had grown imbecile by age or any other cause. This question was also excluded. This witness was also allowed to testify to any and all conversations and acts of the defendant, indicating a want of memory or mental capacity.

The foregoing questions, put to the witnesses Jillson, Bassett, and Conant, who possessed no peculiar skill or professional experience, were excluded, on the ground that a non-expert witness is not allowed in such cases to state his opinion concerning the mental incapacity or unsoundness of a person, though founded on facts in the appearance or conduct of such person testified to by the witness from his own observation, and tending to sustain such opinion.

The defendant's counsel then introduced the defendant as a witness, and,.to show that his mind was affected by pecuniary losses at the time he made the conveyance, asked him, " Had you met with a great loss of property just prior to this affair?" But the judge excluded the question.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Winn,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

COLBURN, J. We see no reason for excluding the question to the witness Jillson, " Did you notice any difference in his mode of conducting business six years ago from his mode twelve years ago?" It called for no opinion of the mental capacity of

the defendant. It would be sufficiently and naturally answered by "Yes" or "No," and was of little importance, except in directing the attention of the witness to the subject upon which he was expected to testify. If the question was answered in the negative, no further inquiry would be necessary; but if in the affirmative, the answer would lead to the inquiry as to what facts he had noticed. But as the witness was allowed to state any act of the defendant, or fact, showing any change in his mode of doing business, perhaps no harm was done to the defendant by excluding the question ; and upon that ruling alone it is unnecessary to decide whether the exceptions should not be sustained.

The question to the witness Bassett, which was excluded, whether six years ago he had failed, is of more importance. We think that any witness of ordinary intelligence, who is fa miliarly acquainted with a person, may testify whether, within a given time, he has failed, mentally or physically. It is essentially a question of fact, the result of his observations, and no more involves an opinion than a great variety of questions upon which witnesses are always allowed to testify. A person may well know that another has failed within a certain period, and yet be unable to recall or narrate the details of the observations from which his knowledge has been acquired, so as to convey any adequate idea of them to others. We think the question should have been admitted. *Barker* v. *Comins*, 110 Mass. 477, 487. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449. See *Commonwealth* v. *Sturtivant*, 117 Mass. 122, and cases cited; *Commonwealth* v. *O'Brien*, 134 Mass. 198.

The questions put to the witness Conant called for opinions as to the actual mental condition and capacity of the defendant. In this State, experts only and subscribing witnesses to wills have been permitted to give opinions upon questions of sanity, or mental condition and capacity, and only persons of scientific training upon the subject and physicians have been regarded as experts, and we see no reason for including any other persons, unless all persons who have had opportunities for observation of the mental state of the individual in question are allowed to give opinions upon the subject, as they are in many States. It does not appear that these questions were not properly excluded.

It is well known that a great reverse of fortune may have such an effect upon a person advanced in life, that the disappointment, anxiety, and solicitude caused by it may seriously impair the mind and memory, the effect depending largely upon the state of health, disposition, temperament, and other circumstances in each particular case. When the state of mind of a person so far advanced in life as the defendant is in question, and there is evidence tending to show loss of mind and memory, we think the fact that he had met with a large loss of property shortly before the act with which he is charged, admissible in evidence, not as in itself evidence showing loss of mind or memory, but to be considered by the jury, under proper instructions, in connection with the other evidence, to receive such weight, as explanatory or confirmatory of other evidence, as they may consider it entitled to ; and that the question put to the defendant should have been allowed.          *Exceptions sustained.*