## ELLEN N. SMITH *vs.* AMOZ SMITH.

Dukes County.　October 25, 1892. — November 23, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Evidence of Testamentary Capacity.*

Upon the trial of an issue whether a testator was of sound mind, a witness, who has observed a failing, mentally and physically, in the testator's condition for twenty years, and has noticed a decided change for the worse in the last three years preceding the making of the will as compared with former years, but who was neither an attesting witness to the will, nor an attending physician, nor an expert in matters of mental condition, cannot be asked, "Whether, from the general appearance of the testator, he considered him capable of making a contract, or of transacting important business?"

APPEAL from a decree of the Probate Court, allowing the will and codicil thereto of John B. Smith.

At the trial in this court, before *Morton*, J., certain issues were submitted to the jury, the answers to which were adverse to the appellant; and he alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*J. Brown*, (*R. C. Brown* with him,) for the appellant. The question put to the witness did not call for an expression of opinion as to whether at the time of signing this will the testator was of sound and disposing mind and memory. The question was copied from 1 Redf. on Wills, (3d ed.) 141, where *Wilkinson* v. *Pearson*, 23 Penn. St. 117, is cited, in which it was decided that the question was admissible. It is also supported by *Titlow* v. *Titlow*, 54 Penn. St. 216.

The early cases relied on, in which it was held that witnesses other than the attesting witnesses to a will may testify to facts only, seem not to have been elaborately considered. *Poole* v. *Richardson*, 3 Mass. 330. *Dickinson* v. *Barber*, 9 Mass. 225. The court, however, in *Baxter* v. *Abbott*, 7 Gray, 71, advanced from the rigid rule before adhered to. *Thomas*, J., in the course of the opinion, says: "If it were a new question, I should be disposed to allow every witness to give his opinion, subject to cross-examination, upon the reasons upon which it is based, his degree of intelligence, and his means of observation. It is at

least unwise to increase the existing restrictions." See also *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133.

The position which Massachusetts holds on this question is very fully discussed by text writers, adversely criticised, and compared with the decisions of other States whose courts are entitled to the highest consideration. An elaborate discussion of the matter will be found in Schouler on Wills, (2d ed.) §§ 199–203. Mr. Schouler says: "Indeed, the latest Massachusetts decisions disclose less confidence than formerly in the propriety of suppressing unprofessional opinions on such matters." His views are in full accord with those of Mr. Redfield. 1 Redf. on Wills, (3d ed.) 137–146, with notes.

While this court has never, in any reported case, held that the question put to this witness, as to the capacity of the testator to transact important business, is inadmissible, it can, in view of the great advancement already made in its decisions on the competency of evidence on the issue of sanity, hold that the question is competent. Eminent jurists and text writers assail as unreasonable the exclusion of such evidence, and they are fully supported by the courts of other States. See *Hardy* v. *Merrill*, 56 N. H. 227, 252; *Clapp* v. *Fullerton*, 34 N. Y. 190.

*J. N. Pierce*, for the appellee, was not called upon.

BARKER, J. Upon the trial of an issue whether the testator was of sound mind, a witness who had known him many years, and had testified that he began to fail about twenty years ago, and had failed mentally and physically, and that he had noticed a decided change in his intelligence, and that from 1887 to 1890, when the will was made, he had noticed that he was very decrepit, and that he was broken up generally as compared with former years, was then asked, " Whether, from the general appearance of the testator, he considered him capable of making a contract, or of transacting important business ? " The witness was neither an attesting witness to the will, nor an attending physician, nor an expert in matters of mental condition. The question called for no other answer than an opinion upon the mental condition of the testator. In accordance with the rule early adopted, and uniformly adhered to by this court, the witness could not be allowed to give his opinion, and the question was rightly excluded. *Poole* v. *Richardson*, 3 Mass. 330. *Buck-*

*minster* v. *Perry*, 4 Mass. 593.    *Hathorn* v. *King*, 8 Mass. 371.
*Dickinson* v. *Barber*, 9 Mass. 225.    *Needham* v. *Ide*, 5 Pick. 510.
*Commonwealth* v. *Wilson*, 1 Gray, 337, 339.    *Baxter* v. *Abbott*,
7 Gray, 71.    *Commonwealth* v. *Rich*, 14 Gray, 335, 337. · *Hub-bell* v. *Bissell*, 2 Allen, 196, 200.    *Commonwealth* v. *Fairbanks*,
2 Allen, 511.    *Ashland* v. *Marlborough*, 99 Mass. 47.    *Hastings* v.
*Rider*, 99 Mass. 622, 625.    *Commonwealth* v. *Dorsey*, 103 Mass.
412, 419.    *Lewis* v. *Mason*, 109 Mass. 169, 175.    *Parker* v. *Bos-ton & Hingham Steamboat Co.* 109 Mass. 449, 451.    *Barker* v.
*Comins*, 110 Mass. 477, 487.    *Nash* v. *Hunt*, 116 Mass. 237, 251.
*Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133.    *May* v. *Bradlee*,
127 Mass. 414, 421.    *Commonwealth* v. *O'Brien*, 134 Mass. 198,
200.    *Commonwealth* v. *Brayman*, 136 Mass. 438, 440.    *Cowles*
v. *Merchants*, 140 Mass. 377, 381.    *Williams* v. *Spencer*, 150
Mass. 346.    *McConnell* v. *Wildes*, 153 Mass. 487, 490.

The reasons upon which opinions of persons, not attesting witnesses of the will, and having no peculiar skill or professional experience, are excluded, have been stated to be " that they are not facts, but opinions, of those having no peculiar duty or capacity to form them, upon a matter requiring special knowledge and skill to judge of intelligently, as to which every unskilled witness has a different standard, and which can be quite as well understood by the court or jury from proof of the details of the acts and conduct of the person whose mental capacity is in question." Gray, J., in *Hastings* v. *Rider*, 99 Mass. 622, 625. These seem to us sound reasons, and we are not disposed to change the rule which, in our opinion, as stated by Colt, J., in *May* v. *Bradlee*, 127 Mass. 414, 421, affords " for the guidance of the jury, under the instructions of the court, the most satisfactory means for determining the question of testamentary capacity."

*Exceptions overruled.*