FRANK E. RAYMOND, administrator, & others *vs.* FREDERICK W. FLINT & another.

Essex.    November 9, 1916. — January 6, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Opinion: experts, Of mental condition, Remoteness, Hospital records. *Fraud.  Undue Influence.  Equity Pleading and Practice,* New trial.

In a suit in equity by an administrator of the estate of a woman to set aside certain instruments executed by her shortly before her death at the age of seventy-two years on the grounds of mental weakness of the intestate and of fraud and undue influence exercised upon her, a sister of the intestate was asked as a witness, "Did you observe any fact . . . about your sister's conversation, or notice anything that indicated a failing of her mind or that her mind was weakened or affected?" *Held,* that the question was a proper one and not to be excluded as calling for the opinion of the witness.

In the suit above described it was *held,* that the discretion of the trial judge was exercised properly in admitting evidence in regard to the mental condition of the plaintiff's intestate at a time eighteen years before the execution of the instruments sought to be set aside.

Under St. 1912, c. 442, § 2, the custodian of the records of the Danvers State

Hospital, when testifying as a witness at a trial, properly may be permitted to read from such records portions showing the treatment and medical history of a patient who was admitted to that hospital in the year 1896 and was discharged in the same year in an unimproved condition.

A witness qualified as an expert on insanity, who is not an expert on handwriting, properly may be allowed to testify, upon the issue of the mental condition of a certain woman, that specimens of her handwriting examined by him indicate a person advanced in years, an arterio sclerotic or senile person, "by reason of the palsied writing and tremor which is characteristic of that period in life."

The denial of a motion for a new trial upon issues framed for and submitted to a jury in a suit in equity, asked for on the grounds that the answers of the jury are against the evidence and against the weight of the evidence, that the answers show that the jury did not fully understand the issues, and because of certain evidence alleged to have been newly discovered, is a matter entirely within the discretion of the presiding judge.

BILL IN EQUITY, filed in the Superior Court on September 9, 1914, by the administrator of the estate of Elizabeth B. Dow, late of Somerville, and described in the opinion.

The case was tried before *Brown,* J., who framed and submitted to a jury the following issues, to which the jury returned the answers opposite each:

"1. Was Elizabeth B. Dow at the time of the execution of the deed and trust agreement of sufficient mind and understanding to make the same?" The jury answered, "No."

"2. Was said Elizabeth B. Dow at the time of the execution of the assignment of deposit or order on savings bank of sufficient mind and understanding to make the same?" The jury answered, "No."

"3. Was the execution of said deed and trust agreement procured by the undue influence, fraud, duress, or coercion of Frederick W. Flint?" The jury answered, "Yes."

"4. Was the assignment of deposit or order on savings bank procured by the undue influence, fraud, duress, or coercion of Frederick W. Flint?" The jury answered, "Yes."

Elizabeth B. Dow was seventy-two years old at the time of her death, which was on July 20, 1914. She never had had any children. The medical diagnosis of the cause of death was arterio sclerosis. The deed to the real estate was executed, acknowledged and delivered on July 8, 1914. The trust agreement was a separate paper and was signed under seal by the defendant Flint and delivered on July 8, 1914. It never was recorded and no bond was given by Flint for the performance of the trust agreement.

One dollar was paid to the intestate at the time of the exchange and the deed was recorded on July 21, 1914. The assignments of the bank books, which were for about $1,700, were made about April, 1914. The intestate was living alone at 76 Cross Street in Somerville, which was the property conveyed by the deed sought to be set aside.

The question addressed to the sister of the intestate and the answer of the witness are described in the opinion.

The evidence excepted to by the defendant Flint as being too remote in point of time was the testimony of a niece of the intestate. She was asked, "For how long had you noticed, back of when you last saw her — having in mind when you last saw her — how far back did you observe that your aunt failed mentally and physically?" She answered, "Well, she failed after she came from the hospital." She then was asked, "And that is in 1896?" Her answer was, "Yes, sir."

The judge refused a request of the defendant Flint that this evidence should be stricken out.

The testimony of the witness Carver in regard to what he had observed as to the mental condition of the intestate was excepted to by the defendant Flint on the ground that it did not appear that it related to a period "anywhere near within three years" of the time of the acts in question.

The other exceptions of the defendant Flint are described in the opinion.

The defendant Flint filed a motion for a new trial on each of the four issues framed for the jury for the following reasons:

"1. Because the verdict of the jury is against the evidence, on each issue.

"2. Because the verdict of the jury is against the weight of the evidence on each issue.

"3. Because the verdicts of the jury on the issues show in themselves that the jury did not fully understand the issues.

"4. Because of certain new evidence not known to the defendant's counsel at the time of trial which would probably have had great weight on the issues before the jury if presented, to wit, the fact that Elizabeth B. Dow was receiving and entitled to receive from the United States for the remainder of her life a pension of a soldier's widow amounting to $12 per month, which was not

assigned to the defendant and could not have been assigned to the defendant, which fact was known to the plaintiff."

The judge heard and denied the motion for a new trial. The defendant Flint appealed from the order denying the motion, and also alleged exceptions.

*A. H. Garcelon,* for the defendant Flint.

*F. E. Raymond, J. J. Burke & W. G. Clark,* for the plaintiffs, submitted a brief.

CARROLL, J. This is a bill in equity brought in 1914 to set aside a deed made by Elizabeth B. Dow to the defendant, Frederick W. Flint, to cancel an agreement of trust and to have declared null and void an assignment of three bank books made to him. Questions were submitted to the jury, who found that Elizabeth B. Dow at the time of the execution of the deed, the agreement of trust, and the assignment of the bank books was not of sufficient mind and understanding to make the same, and that they were procured by the undue influence, fraud, duress or coercion of Frederick W. Flint.

The sister of the intestate was asked: "Did you observe any fact . . . about your sister's conversation, or notice anything that indicated a failing of her mind or that her mind was weakened or affected?" This question was objected to by the defendant Flint on the ground that it called for an expression of an opinion by the witness. The judge properly admitted the evidence. The question asked for a statement of fact; it sought from the witness what she saw, in the conversation or acts of the intestate, indicating weakness of mind. The witness was not asked her opinion, and her answer was a recital of facts observed by her. *Gorham* v. *Moor,* 197 Mass. 522.

It was within the discretion of the presiding judge to limit the period of the inquiry into the mental condition of the intestate, and in receiving the evidence of what happened in 1896, it does not appear that the discretion was arbitrary or unfair. This also disposes of the exception to the testimony of Carver.

The custodian of the records of the Danvers State Hospital was permitted to read from them, showing the history and medical treatment of Elizabeth B. Dow, who was admitted to that hospital April 6, 1896, and discharged in an unimproved condition August 24, 1896. The records were admissible. Under St. 1912, c. 442, § 2,

the hospital is required to keep records of the treatment and medical history of those under its care; such records and "similar records kept prior to April twenty-fifth, nineteen hundred and five, shall . . . be admissible as evidence in the courts of the Commonwealth, so far as such records relate to the treatment and medical history of such cases."

Dr. Kline, the superintendent of the Danvers State Hospital, after examining specimens of Mrs. Dow's handwriting, stated that they indicated a person advanced in years, an arterio sclerotic or senile person, "by reason of the palsied writing and tremor which is characteristic of that period in life." We see nothing objectionable in this evidence. The opinion of an expert on insanity, although not an expert in handwriting, was admissible for the purpose of explaining Mrs. Dow's mental or physical condition. The peculiar characteristics of the handwriting may have been known to the witness and it may have been the handwriting of such a person as he described.

The overruling of the defendant Flint's motion for a new trial was a matter entirely within the discretion of the presiding judge. *Boston Bar Association* v. *Scott,* 209 Mass. 200, 204.

*Exceptions overruled.*

*Order denying new trial affirmed.*