MARY J. E. PURCELL & another, special administrators, *vs.* JAMES F. PURCELL.

Middlesex. March 4, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Executor and Administrator*, Special administration. *Probate Court.*

When an appeal is pending from a decree of the Probate Court allowing the will of an alleged testator, the Probate Court under R. L. c. 137, §§ 10, 11, may grant to a special administrator of the testator's estate authority to prosecute a pend-

ing suit in equity brought by the testator in his lifetime to procure a reconvey-
ance of real estate, which it is alleged that the testator was induced through the
fraud and undue influence of his sons to convey to them.

APPEAL of James F. Purcell from a decree of the Probate Court
for the county of Middlesex, granting to Mary J. E. Purcell and
John G. Brackett, special administrators of the estate of James
Purcell, late of Arlington, appointed to serve while an appeal was
pending from a decree of said Probate Court allowing the alleged
will of James Purcell in which the petitioners were named as ex-
ecutors, authority to appear in and prosecute a suit in equity
brought by James Purcell and pending in the Supreme Judicial
Court seeking a reconveyance of a farm in Arlington, which it was
alleged that the testator was induced by the fraud and undue in-
fluence of his three sons, James F. Purcell, Edmund J. Purcell
and Daniel A. M. Purcell to convey to them.

The appellant in support of his appeal filed the following ob-
jection to the decree: "The appellant says that the said Probate
Court had no power or authority under the R. L. c. 137, §§ 10, 11,
to enter said decree granting authority to the special administra-
tors to institute proceedings in equity for the purpose of setting
aside a deed of real estate given by the deceased to his sons, on the
ground that said deed was procured by fraud or undue influence."

The case was heard by *Carroll*, J., who made a final decree
affirming the decree of the Probate Court granting the authority
prayed for. The appellant, James F. Purcell, appealed.

*J. P. Feeney & G. F. McKelleget*, for the appellant, submitted a
brief.

*J. G. Brackett*, for the appellees.

DE COURCY, J. Among the facts alleged in the petition are
the following: James Purcell, late of Arlington, died on May 17,
1917, leaving a will in which these petitioners are named as ex-
ecutors. The will was allowed in the Probate Court on October 18,
1917, and the respondent appealed therefrom. Pending the appeal
the petitioners were appointed special administrators of the estate;
and that appointment is still in full force.

The petition further alleges that about January 7, 1916, said
James Purcell, through the fraud and undue influence of his three
sons, (of whom the respondent is one,) was induced to execute
certain instruments purporting to transfer to them his farm and

the personal property used in connection therewith; that they occupied a fiduciary relation toward him at the time; that in January, 1916, he filed a bill in equity against his sons seeking a reconveyance of said real estate; and that the suit is still pending.

The Probate Court decreed "that said petitioners as special administrators of the estate of James Purcell be authorized and empowered for the purpose of settling the question of the validity of the title to the real and personal property above referred to, to prosecute said suit now pending in said Supreme Judicial Court or to bring a new suit for said purpose as in their judgment may be for the best interests of said estate and to prosecute such suit pending the determination of the question of the allowance of the will of said James Purcell or until further order of the court." The respondent James F. Purcell appealed to the Supreme Judicial Court, where the decree was affirmed by a single justice. On the present appeal to the full court the only question raised is whether the Probate Court had authority to enter the decree in question.

Among the provisions of R. L. c. 137, dealing with special administrators, is the following: § 10. "A special administrator shall collect all the personal property of the deceased and shall preserve the same for the executor or administrator when appointed, and for that purpose may commence and maintain suits. If he is appointed by reason of delay in granting letters testamentary, the court may authorize him to take charge of the real property of the deceased or of any part thereof, and to collect the rents, make necessary repairs and do all other things which it may consider needful for the preservation of such real property and as a charge thereon." It seems plain from this that the Probate Court in its discretion may grant to special administrators the power to prosecute the pending suit. The cause of action survived and could be prosecuted by an ordinary administrator of the estate of James Purcell, without asking leave of court. *Parker* v. *Simpson,* 180 Mass. 334. *Raymond* v. *Flint,* 225 Mass. 521. R. L. c. 171, § 17. The statute makes it the duty of these special administrators to collect the personal property of the deceased, which was included in the alleged fraudulent transfers. See *Meagher* v. *Kimball,* 220 Mass. 32. And where, as here, the appointment is made by reason of delay in granting letters testa-

mentary, the statute in terms empowers the court to authorize the special administrators "to take charge of the real property of the deceased . . . and do all other things which it may consider needful for the preservation of such real property." R. L. c. 137, § 10. That this power exists even where the interest of the deceased in the real estate was only an equitable one, see *Lufkin* v. *Jakeman,* 188 Mass. 528, 533. In *Busiere* v. *Reilly,* 189 Mass. 518, in circumstances similar to those here presented, a bill in equity to cancel a deed alleged to have been obtained by fraud was maintained, although originally brought by a special administrator. *Brigham* v. *Hunt,* 152 Mass. 257, relied on by the respondent, was a writ of entry, which at common law would abate upon the decease of the demandant; and the only persons who had a right by statute to prosecute the action after his death were his heirs or devisees.

We are of opinion that on the facts disclosed the Probate Court had power to authorize the special administrators, pending the question of the allowance of the will, to prosecute the suit already brought, or to bring a new one, in order to preserve the property of the deceased for the executor or administrator when appointed. See R. L. c. 137, § 11.

*Decree affirmed, with costs.*