WALTER A. BRIGGS, administrator, *vs.* HULDA A. LARSON & others.   November 30, 1949.   Decree affirmed with costs.   This suit and a companion suit [1] were brought by the special administrator of the estate of John Benson, late of Attleboro, to set aside certain transfers of property made by Benson during his lifetime.   The bringing of both suits was authorized by decrees of the Probate Court.   See G. L. (Ter. Ed.) c. 193, § 11; *Purcell* v. *Purcell*, 233 Mass. 62.   In this suit the plaintiff seeks to set aside the transfers of two bank accounts which stood in the name of Benson and which prior to his death he had caused to be put in the names of himself and the defendant Hulda A. Larson "payable to either or survivor."   In the companion suit the plaintiff seeks to set aside a conveyance by Benson to Hulda A. Larson embracing several parcels of real estate.   In both bills it is alleged that Benson lacked the mental capacity to make the transfers; that they were obtained by the fraud and undue influence of Hulda A. Larson and Ann E. Leach; and that they were made without consideration.   The cases were referred to a master under a rule which (for reasons not apparent to us) required him to report the evidence.   The master filed a report covering both cases, and in each case the judge entered a decree dismissing the bill.   The plaintiff appealed.   Where, as here, the cases come before us on a master's report and a report of the evidence, "The question is . . . whether it can be said from a review of the evidence that the findings made by the master, who heard and saw the witnesses, are plainly wrong."   *Shelburne Shirt Co. Inc.* v. *Singer*, 322 Mass. 262, 265.   We have carefully examined the evidence, most of which was oral, and are of opinion that the specific findings of the master were not inconsistent with his ultimate finding, and that none of the findings was plainly wrong.   The findings need not be recited.   The conclusions of the master were that Benson was not lacking in mental capacity at the time the property in question was transferred, and understood what he was doing; that he was not induced to execute the instruments of transfer by reason of any fraud or undue influence on the part of Hulda A. Larson or Ann E. Leach; and that consideration was received by Benson for these instruments.   These findings, which must stand, afford no basis for relief and the decrees dismissing the bills were right.

H. F. R. *Dolan*, (*W. A. Briggs* with him,) for the plaintiff.

V. J. *DePonte* & R. *Bentley*, for the defendants, submitted a brief.

---

[1] The companion suit was WALTER A. BRIGGS *vs.* HULDA A. LARSON.