THOMAS R. McCARTHY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.  January 12, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, Contributory, In driving.

If one driving on a quiet summer night in a heavy empty furniture wagon twenty-two or twenty-three feet long, with two horses going at a walk, is obliged on account of an obstruction on the right hand side of the street to cross the parallel tracks of a street railway to get to the left hand side of the street, and if there is a similar team ahead of him which crosses the tracks safely, and if,

hearing no bell or other sound indicating the approach of a car, he starts diagonally across the tracks toward the left at an angle of forty-five degrees and, suddenly seeing a car coming rapidly around a curve on the farther track, strikes his horses "so as to clear it," because it is "too late to back up" and he has "to go ahead," and, if in attempting to do this his team is struck by the car and he sustains injuries, he can be found to be in the exercise of due care.

TORT, by an experienced driver forty years of age, for personal injuries from being run into by an electric car of the defendant while returning from Needham driving two horses in a heavy empty furniture wagon on Boylston Street in Brookline near the foot of Wright's Hill between ten and eleven o'clock on the evening of July 3, 1901. Writ dated July 5, 1901.

At the trial in the Superior Court before *Fox*, J. the defendant at the close of the evidence requested the judge to order a verdict for the defendant on the ground that the plaintiff had not shown that at the time of the happening of the accident he was in the exercise of due care. The judge refused to make this ruling, and the jury returned a verdict for the plaintiff in the sum of $7,000. The judge reported the case for determination by this court, with a stipulation of the parties, that if the evidence did not show that the plaintiff was entitled to go to the jury judgment should be entered for the defendant, and that if the plaintiff could recover upon the evidence judgment should be entered for the plaintiff upon the verdict.

*G. H. Mellen*, for the defendant.

*A. S. Hayes*, (*A. G. Sleeper* with him,) for the plaintiff.

KNOWLTON, C. J. The plaintiff was driving, upon Boylston Street in Brookline, toward Boston, on the night of July 3, 1901, a heavy, open, empty furniture wagon drawn by two horses, and as he approached Wright's Hill, on the right hand side of the two tracks of the electric railway, he saw lights and a barrier across that part of the street, in front of him, which made it necessary to cross over to the left hand side. The left hand side of the street and the portion on which the tracks were had been cut down and graded at that point, but the work had not been done on the right hand side. Just in front of him there was a curve in the street, and a slightly ascending grade as he went toward Boston, and the hill, which had not then been cut away, was very near the tracks on the right hand side, so that it was impossible to see the tracks for any considerable

distance before him.   He looked as he was about to pass over to
the left, and neither saw nor heard any car.   His horses were
going at a walk, and a short distance in front of him was an-
other wagon, similar to his, drawn by two horses, and occupied
by two persons who were working for the same employer as the
plaintiff.   These two witnesses testified that when they were
crossing the track they looked and listened, and obtained no in-
timation that a car was approaching, and that then, as they
were passing along, the car came very rapidly over the hill,
passed them, and almost immediately came into collision with
the plaintiff.   Both they and the plaintiff testified that they
heard no bell or other sound indicating the approach of the car.
The plaintiff was passing diagonally over the tracks, towards the
left, at an angle of forty-five degrees.   The car which collided
with him was coming from before him, upon the track on his
left, so that he was obliged to cross over both tracks to be out of
its course.   The plaintiff testified that it was a quiet summer
night, that he was wide awake, that his hearing was good, that
he could stop his horses very quickly, but that when he first saw
the car he " struck the horses so as to clear it, because it was
too late to back up, and he had to go ahead."   The length of
his team from the end of the pole in front, to the end of the
wagon behind, was between twenty-two and twenty-three feet.
The only question in the case is whether there was any evidence
that the plaintiff was in the exercise of due care.

We are of opinion that the evidence presented a question of
fact for the jury.   With such a team, it would take consider-
able time to pass from the point of entrance upon the right
hand track to a point beyond the line of the left hand track.
In passing in the ordinary way, the plaintiff would all the time
be going nearer the approaching car.   Upon the evidence, we
can well believe that only a very short time would elapse after
the car came in sight around the curve beyond the hill, before it
would be upon him.   It was in the evening, there were no lights
along the road, and there were woods at the right hand side of
the hill.   Although he said in one part of his testimony that
he heard a noise, looked quick, and that the car was within six
feet of him, the jury might well believe that it was impossible
for him to estimate this distance with accuracy, and that his

answer was only another way of saying that the car was close upon him. If the car was running very rapidly, as electric cars sometimes run upon suburban roads, it would be hardly more than an instant from the time it came within his line of vision before it would strike him. It cannot be said as a matter of law that the plaintiff was not in the exercise of due care. *Silva* v. *Boston Elevated Railway*, 183 Mass. 249. *Driscoll* v. *West End Street Railway*, 159 Mass. 142, 146.

*Judgment on the verdict.*