MICHAEL SHEA *vs.* LEXINGTON AND BOSTON STREET RAILWAY COMPANY.

Middlesex.   March 16, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Contributory, In driving.

In an action by a farmer for injuries from being thrown from his wagon loaded with boxes, by its hind wheels being struck by a car of the defendant as he was attempting to drive across its track, it appeared that the street was a sparsely settled country highway, that the night was dark but that the road was straight and level for several hundred feet behind him and that there were several electric lights suspended from an arm of a post over the highway, so that the plaintiff had reason to suppose that a motorman of an approaching car would see him and warn him, that on account of the height and width of his load the plaintiff from the seat of his wagon could not see a car behind him, that before starting to cross the track the plaintiff pulled up his horse, who had been travelling about three miles an hour, and stopped "about one half a minute" and listened, but heard no car nor gong, that he started his horse again and turned across the track, when with his horse and the front wheels of his wagon on the track he saw a car within nine or ten feet of him, that he "pushed his horse along" slapping the reins on his back, but the hind wheels of the wagon were

struck by the car and the plaintiff was thrown to the ground. There was evidence that the gong of the car was not sounded. *Held,* that there was evidence of the plaintiff's due care to be submitted to the jury.

TORT by a farmer, about sixty-five years of age, for injuries received on the night of November 3, 1902, while driving an ordinary express wagon loaded with boxes along Trapelo Road in Waltham going toward Woburn Street, from being thrown to the ground by having the hind wheels of his wagon struck by an electric car of the defendant. Writ dated December 16, 1902.

In the Superior Court the case was tried before *Mason,* C. J., who refused to rule that the plaintiff was not in the exercise of due care and could not recover, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $913.60; and the defendant alleged exceptions, which after the death of *Mason,* C. J. were allowed by *Richardson,* J.

*C. A. Hight,* for the defendant.

*P. M. Keating,* for the plaintiff.

HAMMOND, J. On account of the height and width of the load the plaintiff from the seat of his wagon could not see a car behind him. The only way he could use his sense of vision in determining whether there was a car behind him was either to get upon the ground or partly turn his wagon so as to get a view of the track. He did neither, although he could have done either. He gave up his sight and relied solely upon his sense of hearing.

Was this inconsistent with due care on his part? He testified that just before he reached Woburn Street he "pulled up" his horse which previously had been travelling about three miles an hour, and stopped "about one half a minute" and listened to hear whether a car was approaching, but did not hear any car or gong. "When he stopped his horse, the horse was headed slightly toward the track. After stopping . . . the plaintiff started his horse up again and turned across the track, and when his horse and front wheels were on the track he saw a car coming in a westerly direction within nine or ten feet from him. Then he 'pushed his horse along' by slapping the reins on his back, and his horse and front wheels cleared the track and the hind wheels were struck by the car"; and the plaintiff and the other man were thrown from the seat to the ground.

The street was "a sparsely settled country highway." No other vehicles were in the vicinity to interfere with the plaintiff's hearing. The night was dark, but the road was straight and level for several hundred feet behind him, and in the vicinity there were several "electric lights which were suspended from an arm extending from a post" over the highway, and he had reason to suppose that a motorman of an approaching car would see him and warn him. A man in his employ was on the seat with him, and, although a marketman, is not shown to have been asleep, so that two pairs of ears had an opportunity to listen. There was evidence which, if believed, showed that the gong of the car was not sounded.

The defendant strongly argues that it was impossible for the plaintiff to have listened with due care and not to have heard the "swish" of the trolley wire, if nothing else, and so have known that a car was approaching. The jury saw the plaintiff and his employee and heard them testify. The case is somewhat close, but we cannot say as matter of law that under all the circumstances they were not justified in coming to the conclusion that the plaintiff listened carefully, and that his conduct showed due care. See *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542; *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104.

*Exceptions overruled.*