CHARLES B. ORTH & others *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

DANIEL DONAHUE *vs.* SAME.

Suffolk.    March 17, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence.    Street Railway.*

It is evidence of due care on the part of a person who was driving a milk wagon at seven o'clock in the morning, returning from making his deliveries, that, as he approached an intersecting street on which street cars ran and of which his view was considerably obstructed by trees and buildings, he was driving slowly and

that he looked and listened and did not see anything nor hear anything before he started to cross the intersecting street where he was struck by a car.

Evidence that an electric car was moving at a high rate of speed as it approached an intersecting street, where the view of the street on which the car was running was considerably obstructed by trees and buildings, without ringing any warning bell or giving any equivalent signal of the approach of the car, is evidence of negligence on the part of the railway company, which a plaintiff whose team was run into by the car at the crossing has a right to have submitted to the jury if there also is evidence that the plaintiff was in the exercise of due care.

TWO ACTIONS OF TORT, the first by the owners of a horse and milk wagon for injury to that property from a collision with an electric car of the defendant on June 17, 1901, at the corner of Westville Street and Geneva Avenue in that part of Boston called Dorchester, and the second by the driver of the wagon, the servant of the plaintiffs in the first case, for personal injuries from the same collision. Writs in the Municipal Court of the City of Boston dated March 14, 1902.

On appeal to the Superior Court the cases were tried together before *Harris,* J., who ordered a verdict for the defendant in each case. The plaintiffs alleged exceptions.

*J. F. Cusick,* for the plaintiffs.

*J. E. Hannigan,* (*J. W. Connelly* with him,) for the defendant.

BARKER, J. The plaintiff Donahue was driving a milk wagon belonging to the other plaintiffs. On the morning of June 17, 1901, about seven o'clock, having been on the wagon since two o'clock in the morning, and having finished his deliveries he was on his way home. Driving down Westville Street in Dorchester intending to cross Geneva Avenue to go up Topliffe Street which leads out of Geneva Avenue near its intersection with Westville Street, as his team was crossing the railway tracks it was run into by an outward bound street car coming down Geneva Avenue and the team was injured as well as the driver.

At the trial of the actions which were to recover compensation for the injuries so received the plaintiff Donahue testified as a witness, and five other persons who at the time of the collision were near the place where it occurred and who saw the collision were also called in his behalf and testified. There was no other material evidence relating to the question of liability. At the close of the plaintiffs' evidence the presiding

judge ruled that they could not recover and directed verdicts for the defendant. The case is here upon exception to that ruling.

Whether it was right depends upon whether there was evidence of due care on the part of the plaintiff Donahue and evidence of negligence on the part of the defendant's servants who were operating the car.

We have read with care the report of the evidence set out in the bill of exceptions and are of the opinion that the case should have been left to the jury.

It is evident that the view of Geneva Avenue from the part of Westville Street down which Donahue was driving as he approached the avenue was considerably obstructed by trees and buildings, and that to cross the railway tracks and turn into Topliffe Street was to incur the danger of a collision with street cars. Ordinary care on the part of Donahue required of him to proceed slowly, with the danger in mind, and exercising all his powers of observation to appreciate and avoid it.

His own testimony and that of the other witnesses is that he was driving slowly. His own testimony is that as he came down Westville Street he looked and listened and did not see anything and did not hear anything. We think this was enough to require the question of his due care to be left to the jury. Perhaps the crossing was such a dangerous one that ordinary care would have required him also to stop before actually driving upon the crossing and to ascertain positively that no car was approaching. But this cannot be ruled as matter of law, nor can it be ruled as matter of law that it was negligence on the part of his employers to put their team in charge of a man whose work began at such an hour of the night that he might be expected to be sleepy if not asleep when driving home at seven o'clock after having completed his deliveries.

There was much evidence that the car was moving at a fast rate of speed as it approached the intersection of the streets. Such of the eye witnesses as were so placed as to see both the car and the team expected the collision. None of the witnesses heard any gong or bell rung or any other warning given by those in charge of the car of its approach, although all of the witnesses were in positions where if a bell had been rung or

other warning given they naturally would have heard it. The defendant's servants if chosen and instructed with due care should have appreciated that there was danger of collision with teams suddenly appearing at such a crossing. It cannot be ruled as matter of law that it was not negligence for them to drive the car at a fast rate of speed toward the crossing without ringing a warning bell or giving any equivalent signal of the approach of the car. It was for a jury to determine whether there was negligence on the part of the defendant.

The difference in the nature of the locality and in the circumstances which attended the collision distinguishes the case from that of *Saltman* v. *Boston Elevated Railway*, 187 Mass. 243. See *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542; *McCarthy* v. *Boston Elevated Railway*, 187 Mass. 493.

*Exceptions sustained.*