## CHARLES W. HARRIS *vs.* FITCHBURG AND LEOMINSTER STREET RAILWAY COMPANY.

Worcester.    October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

### *Negligence.*

If the driver of a milk wagon coming from an intersecting street into a street on which electric cars are operated, while still on the intersecting street at the only point at which the other street is visible, looks and sees no car approaching and as he goes into the street on which the cars run looks again and sees no car, and driving slowly looks again when his horse gets upon the track and sees a car approaching, and urges his horse ahead thinking that he can get across the track in time, but the rear part of his wagon and one of its hind wheels are struck by the car, in an action against the street railway company operating the car for injuries to his person and property thus caused, there is evidence. for the jury that he was in the exercise of due care.

TORT for injuries to the plaintiff's person and property from being run into by an electric car of the defendant while driving in a low covered milk wagon on West Street in Leominster at its intersection with School Street in that town at about eleven o'clock in the morning of September 9, 1900. Writ dated September 14, 1901.

In the Superior Court the case was tried before *Bond,* J. At the close of the evidence the defendant asked the judge to rule that upon all the evidence it did not appear that the plaintiff was in the exercise of due care. The judge refused to make this ruling, and submitted the case to the jury with instructions as to due care where vehicles meet on the highway, to which no exceptions were taken. The jury returned a verdict for the plaintiff in the sum of $1,350; and the defendant alleged exceptions.

*C. F. Baker & W. P. Hall,* for the defendant.

*D. I. Walsh & T. L. Walsh,* for the plaintiff.

MORTON, J. This case comes here on exceptions by the defendant to the refusal of the judge to rule that on all of the evidence the plaintiff was not in the exercise of due care. That is the only question presented by the bill of exceptions.

The plaintiff testified, amongst other things, that as he came down School Street he looked up West Street at the only place where he could look over the Pierce estate and saw no car approaching; that as he went into West Street he looked again and saw no car; that he was driving slowly ; and that when the horse got on to the track he looked again and then saw the car approaching and urged the horse ahead thinking that he could get across the track and did so, with the exception of the rear part of the wagon and the hind wheel which were struck by the car. He further testified that as he came down School Street into West Street he listened and heard no sound or warning of an approaching car. This testimony if believed would warrant a finding that he was in the exercise of due care. The distance at which a car could be seen or ought to have been seen on West Street from School Street was a circumstance to be taken into account and given such weight as the jury thought the fact as they found it justly entitled to. It is to be assumed that proper instructions were given as to what would and would not constitute due care on the part of the plaintiff. We think that it could not be ruled as matter of law that the plaintiff was not in the exercise of due care, and that the instruction requested was rightly refused. See *Orth* v. *Boston Elevated Railway*, 188 Mass. 427 ; *McCarthy* v. *Boston Elevated Railway*, 187 Mass. 493 ; *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77 ; *Kelly* v. *Wakefield & Stoneham Street Railway*, 179 Mass. 542 ; *Lahti* v. *Fitchburg & Leominster Street Railway*, 172 Mass. 147 ; *Driscoll* v. *West End Street Railway*, 159 Mass. 142.

*Exceptions overruled.*