## JAMES C. GREEN vs. HAVERHILL AND AMESBURY STREET RAILWAY COMPANY.

Essex.    November 14, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company for personal injuries from being run into by a car of the defendant, when the plaintiff had driven in an open wagon from a private driveway which was screened from view by a large clump of lilac bushes at the side of the road and led almost at a right angle into the highway on which the defendant's car was being operated, if there is evidence that the car was running very fast, that no gong was sounded, that the motorman did not see the plaintiff until he was close upon him, and that just before the accident he was looking away to one side and was talking to a young woman who sat near him, the question of the defendant's negligence is for the jury.

One who suddenly finds himself in a place of great peril and is obliged to act without time for reflection, when acting instantly or impulsively for self preservation, cannot be held to the same wisdom of choice as would be expected if he had time for deliberation, and, in the trial of an action brought by him for an injury caused by the alleged negligence of another, he may be found to have been in the exercise of due care, although his mistake of judgment resulted in the injury, if he was acting as a person of ordinary prudence might be expected to act in like circumstances.

In an action against a street railway company for personal injuries from being run into by a car of the defendant when the plaintiff had driven in an open wagon from a private driveway almost at a right angle into the highway on which the defendant's car was being operated, if there is evidence that the view of the plaintiff from the private driveway was so obstructed by trees and other objects that, if looking constantly, he could get only glimpses of an approaching car, that on the side of the road in the direction from which the car was approaching there was a large clump of lilac bushes which after he reached them cut off the plaintiff's view so that he could not see an approaching car until he was at the line of the highway and within nineteen feet of the defendant's track, that the plaintiff was seventy-two years of age and his hearing was slightly impaired, that his horse was a slow one, that as he was driving at a walk through the private way he looked and listened and did not see or hear the car, that when he was at the highway with his horse's head within ten feet of the rail, he saw a car rapidly approaching and tried with his whip to start his horse from a walk to cross the track quickly, and was struck by the car and injured. *Held,* that there was evidence for the consideration of the jury of due care on the part of the plaintiff; that, although it was probable that if the plaintiff had tried to stop his horse instantly the accident might have been avoided, yet he could not be required to exercise such wisdom of choice as would be expected if he had had time for deliberation, and the jury might find that he acted as a person of ordinary prudence might be expected to act in like circumstances.

TORT, for personal injuries from being run into by an electric car of the defendant between three and five o'clock in the afternoon of September 2, 1902, on a highway in the town of Salisbury leading from Smithtown in Seabrook, New Hampshire, to Salisbury and Newburyport, when the plaintiff, driving a horse in a democrat wagon, had emerged from a driveway leading from the premises of one Donnell and was crossing the track of the defendant. Writ dated October 10, 1902.

In the Superior Court the case was tried before *Pierce*, J. At the close of the evidence the defendant asked the judge to rule that there was no evidence that would warrant a verdict for the plaintiff, and that upon all the evidence the plaintiff could not recover. The judge refused to rule as requested and submitted the case to the jury. They returned a verdict for the plaintiff in the sum of $738.83 ; and the defendant alleged exceptions.

*H. I. Bartlett*, for the defendant.

*R. E. Burke*, for the plaintiff, submitted a brief.

KNOWLTON, C. J. The plaintiff was injured by a collision with the defendant's car. The highway at the place of the accident runs northwesterly and southeasterly. The defendant's track is near the southwesterly side of the highway, and the plaintiff was driving through a private way that runs nearly at right angles to the road, from a house on the southwesterly side of the road. On the northwesterly side of the private way there is an orchard, and, separating the orchard from the highway is a wall, with a few shrubs and bushes growing along it. At the junction of the private way and the highway, on the northwesterly side of the private way, there is a large clump of lilac bushes, and the first rail of the defendant's track is nineteen feet from the line of the highway and from these lilac bushes. The defendant's car was running to the southeast, down a slight grade, and the collision occurred as the plaintiff was driving in a wagon, with a slow horse, from the private way into the street. The car had formerly been a horse car, and it had but four wheels. The question submitted to us is whether there was evidence that the defendant's motorman was negligent and that the plaintiff was in the exercise of due care.

There was evidence that the car was running very fast, that no gong was sounded, that the motorman did not see the plaintiff

until he was close upon him, and that he was looking away to one side and talking with a young woman who sat near him, just before the accident. He must have known that this was a dangerous place, where a team might drive out at any time. While the evidence was contradictory as to some of these things, we are of opinion that the jury might properly find that he was not in the exercise of due care.

A more difficult question is whether there was evidence of due care on the part of the plaintiff. According to the testimony, as he drove from the house to the highway, his view was so obstructed by trees and other objects that, if looking constantly, he could only get glimpses of the approaching car. He was seventy-two years of age, and his hearing was slightly impaired, although he testified that he could hear pretty well. He said that he looked and listened, as he was driving his horse at a walk through the private way, and did not see or hear the car. We are of opinion that the jury might find that he was in the exercise of due care in driving to the lilac bushes at the side of the road. According to all the testimony, at that point he could not see an approaching car until he was within nineteen feet of the track. His horse's head would then be within about ten feet of the rail, and somewhat nearer to the line of passage of the overhanging car. According to his account, he there for the first time saw the rapidly approaching car, and tried with his whip to start his horse from a walk, to cross the track quickly. Very likely if he had tried to stop the horse instantly the accident might have been avoided; but he suddenly found himself in a place of great peril, and was obliged to act without time for reflection. One acting instantly or impulsively for self-preservation, under such conditions, could not be held to such wisdom of choice as would be expected if he had time for deliberation. The jury might find that he acted as persons of ordinary prudence might be expected to act in like circumstances. Assuming that the weight of the evidence tends to support the defendant's contention that the plaintiff was not in the exercise of due care, we cannot say, as a matter of law, that there was nothing upon this issue for the consideration of the jury.

*Exceptions overruled.*