## MILFORD & U. ST. RY. CO. v. CLINE.

### (Circuit Court of Appeals, First Circuit. January 24, 1907.)

### No. 684.

1. COURTS—FEDERAL COURTS—AUTHORITY OF DECISIONS OF STATE COURTS—STREET RAILROADS—INJURY TO PERSON AT HIGHWAY CROSSING—CONTRIBUTORY NEGLIGENCE.

Upon the question of the care required of a traveler on a highway on approaching a street railway crossing, the local decisions are persuasive in a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 950–955.

State laws as rules of decision in federal courts, see note to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. STREET RAILROADS—INJURY TO PERSON AT HIGHWAY CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

A buggy in which plaintiff was driving was struck by a street car on defendant's line upon a highway crossing. When plaintiff passed a building 33 feet from the track, he could see along the track in the direction from which the car came but 60 feet, because of an intervening building; while at a distance of 20 feet from the track he could see 1,-200 feet. At some point after passing the building not precisely shown, he looked up the track, and did not see nor hear any car approaching. There was evidence tending to show, and which justified a finding, that the car was being run at excessive speed. *Held* that, under the law of Massachusetts as established by decision, the question of plaintiff's contributory negligence was one for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 248–257.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Wendell Williams (Williams, Williams & Vincent, Norman C. McNaughton, and John C. F. Wheelock, on the brief), for plaintiff in error.

John H. Casey (Nathaniel N. Jones, Ernest Foss, and John E. Swift, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, for damages caused by a collision with the defendant's street railway car. The plaintiff had driven his buggy around a house situated in the town of Milford. The house stood upon a street through which ran the defendant's single track, 33 feet distant from the front of the house, and on that side of the street. As the plaintiff passed in front of the house, he looked first to the left across a vacant field, and then to the right, where his view was interrupted by a shop close to the roadside. From the front line of the house he could see but 60 feet up the track to the westward. From a point 13 feet in advance, and therefore 20 feet from the track, he could look past the shop 1,200 feet in the same direction. He saw and heard no car. He continued to walk his horse toward the track, and as he crossed it the front wheel of his buggy was struck with considerable violence by a car coming from the westward. There was evidence that the motorman did not sound his gong, and that the car was running 16 miles an hour, a rate which the jury might have found to be excessive. The defendant asked the judge to direct a verdict in its favor.' This the judge refused to do, and the defendant duly excepted. The jury found for the plaintiff, and the defendant sued out his writ of error to this court. No question is here made of the defendant's negligence.

Had the plaintiff looked up the track only at the exact moment of passing the front line of the house, whence he could have seen but 60 feet of track, his act would have been useless, inasmuch as a car going at a reasonable rate of speed would cover more than 60 feet, while he walked his horse 30 or 40. Had he, on the other hand, looked when 20 feet distant from the track, or at any time thereafter, his view would have taken in so much of the track that he must have seen the car, however fast it was approaching. But at some intermediate point the track must have been visible for a distance which would not be covered during the time in question by a car running at a reasonable speed, but which might have been covered by a car running 16 miles an hour. The jury may have found that this was the point from which the plaintiff looked up the track. It may have found also that the gong was not sounded, and that the plaintiff manifested his due care by listening for it.

We have here to deal, not with the responsibility of a steam railroad to its employés, which in the absence of statutory regulation is matter of general law (Gardner v. Michigan Central R. R., 150 U. S. 349, 358, 14 Sup. Ct. 140, 37 L. Ed. 1107); but with the use of highways, concerning which local decisions are persuasive (Detroit v. Osborne, 135 U. S. 493, 498, 10 Sup. Ct. 1012, 34 L. Ed. 260). We have examined many cases decided by the Supreme Judicial Court of Massachusetts which determine in differing circumstances the care required of a traveler crossing a street railway, and we are satisfied that in the case at bar the question of the plaintiff's negligence was for the jury. Robbins v. Springfield Street Railway, 165 Mass. 30, 42 N. E. 334; Lahti v. Fitchburg Street Railway, 172 Mass. 147, 51 N. E. 524; Evenson v. Lexington Street Railway, 187 Mass. 77, 72 N. E. 355; Shea v. Lexington Street Railway, 188 Mass. 425, 74 N. E. 931; Orth v. Boston Elevated Railway, 188 Mass. 427, 74 N. E. 673; and particularly

Green v. Haverhill Street Railway (decided January 4, 1907) 79 N. E. 735.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.