JAMES LE BARON vs. OLD COLONY STREET RAILWAY
COMPANY.

Norfolk.   December 5, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Street railway, In use of highway.

At the trial of an action against a street railway company to recover for personal
injuries received by the plaintiff by reason of a collision on the highway between
a wagon that he was driving and a car of the defendant, the evidence introduced
by the plaintiff tended to show that he was seventy years of age and of good
eyesight and hearing, that, at four o'clock on a hot afternoon in September, he
was driving slowly on a highway, in which were tracks of the defendant, a horse,
which was slow by nature and tired from hard work, attached to a heavy, empty
and noisy coal wagon which had no cover, hood or awning of any kind; that,
intending to cross the tracks, which were at the extreme left of the road, in
order to enter a street on that side, he stopped his team five feet from them and
looked in both directions and listened, but neither saw nor heard any car; that
thereupon he started slowly across the tracks, and, when part way across, saw
a car approaching on his left very fast; that, although he tried to get out of the
way, the car struck the left hind wheel of his wagon, broke both wheels and
various other parts of the wagon and went on for more than its length before it
stopped; that, just before the accident, the speed of the car was increased and it
was moving rapidly, and that the motorman was inexperienced.   It also appeared
that, from the place where he stopped before crossing the track, the plaintiff
could see in the direction from which the car came at least three hundred feet.
The defendant relied upon evidence which tended to contradict that of the plain-
tiff, and also to show that, before the collision occurred, the car was going very
slowly.   *Held,* that there was evidence for the jury from which they were war-
ranted in finding that the plaintiff was in the exercise of due care and that the
defendant was negligent.

TORT for personal injuries received by the plaintiff and for
damage to his wagon by reason of a collision with a car of the
defendant at the junction of Main and Water Streets in Hing-
ham.   Writ in the Superior Court for the county of Norfolk
dated December 10, 1903.

There was a trial before *Hitchcock,* J.   It appeared that Main
Street ran north and south ; that Water Street ran in a north-
easterly and southwesterly direction and entered Main Street on
the easterly side, but did not cross it.   Besides testifying as
stated in the opinion, the plaintiff also stated that at the time of
the accident he was driving with one horse an empty heavy coal

wagon without cover, hood or awning of any kind; that on the same afternoon he had been to East Weymouth with the horse and wagon where he procured a load of coal which, shortly before the accident, he had delivered to a customer in the neighborhood; that it was a very hot day; that it was his habit to stop as he did before crossing a street car track; that he stopped five or six feet from the track and that, when he started up again, the horse, being slow by nature and having been working hard, started slowly; that the wagon made a noise when he was driving it; that, when the car struck the wagon, it broke both wheels, the tail board, the cross bar and the railings of the wagon and then passed on for more than its length before it was stopped.

Other facts are stated in the opinion.

At the close of the evidence, the defendant requested the presiding judge to rule that, on all the evidence, the plaintiff was not in the exercise of due care and was not entitled to recover, and that there was not sufficient evidence of negligence on the part of the defendant to entitle the plaintiff to recover. The rulings were refused and the defendant excepted. The jury returned a verdict for the plaintiff.

*Asa P. French,* (*J. S. Allen, Jr.,* with him,) for the defendant.
*A. P. Worthen,* for the plaintiff.

MORTON, J. This is an action to recover for injuries and damage to person and property caused by a collision between a car of the defendant company and a wagon in which the plaintiff was driving. The accident occurred in Hingham about four o'clock in the afternoon on September 4, 1903, at the junction of Main and Water Streets. The defendant company maintained and operated a single track on Main Street close to the easterly sidewalk. The plaintiff was driving slowly, with his horse at a walk, as he testified, in a southerly direction along Main Street "in about the middle of the travelled part of the road" between the track and the sidewalk on the westerly side of the street. When he got opposite Water Street he turned to cross the track for the purpose of going into Water Street. He testified that before he started to cross, he stopped and looked both ways and listened and neither saw nor heard any car and then drove on. Before he got across he saw a car coming southerly and started up his horse in an effort to get across, but before he could get across

the car struck the hind wheel of his wagon throwing him out and causing the injuries and damage complained of.   The plaintiff testified that he was seventy years old, but was in full possession of his faculties of sight and hearing and was familiar, and had been for a long time, with the running of the electric cars along Main Street by Water Street.   The afternoon was bright, and at the trial the plaintiff estimated that the distance at which a car could have been seen northerly from Water Street was at least three hundred feet.   Other witnesses estimated that the distance was much more.   The evidence as to the speed of the car was contradictory.   One of the plaintiff's witnesses said that the car was going quite fast, "fifteen miles an hour sure," another witness testified that it was going very much faster than usual, and the plaintiff testified that it was going very fast.   Witnesses for the defendant testified that it was going slow, from five to seven miles an hour.   The evidence was also contradictory as to whether there was any slackening of the speed before the collision, witnesses for the plaintiff testifying that there was not and witnesses for the defendant that there was.   There was also testimony tending to show that the speed was accelerated just before the collision.   There was also evidence tending to show that the regular motorman was absent and that the motorman who was taking his place on the day of the accident was of limited experience.   It is difficult to understand how, if the plaintiff had looked and listened, as he testified that he did, before attempting to cross the track, he could have failed to see the car.   It is equally difficult to understand how, if the car was going no faster than the defendant's evidence tended to show that it was and the motorman was exercising due care, he could have failed to stop the car in time to avoid a collision.   But it is not for us to pass upon the weight of the evidence.   In view of the contradictory nature of the evidence in regard to material matters it cannot fairly be said, we think, that the evidence was so conclusive in regard to the plaintiff's want of due care or the absence of negligence on the part of the defendant as to warrant the court in directing a verdict for the defendant.   It is only when "the court can find no evidence which, in its deliberate and ultimate judgment, is entitled to be weighed" that "the jury should be instructed in terms that there is no evidence to support the

burden of proof which rests upon the party." *Hillyer* v. *Dickinson*, 154 Mass. 502. See *O'Leary* v. *Haverhill & Plaistow Street Railway*, 193 Mass. 339; *James* v. *Interstate Consolidated Street Railway*, 193 Mass. 264; *Stubbs* v. *Boston & Northern Street Railway*, 193 Mass. 513; *Harris* v. *Fitchburg & Leominster Street Railway*, 193 Mass. 56; *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104; *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144; *Chaput* v. *Haverhill, Georgetown & Danvers Street Railway*, 194 Mass. 218.

*Exceptions overruled.*