ARTHUR E. ROBBINS *vs.* DARTMOUTH AND WESTPORT STREET
RAILWAY COMPANY.

Bristol.    October 26, 1909. — November 23, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.    Street Railway.*

In an action against a street railway company for personal injuries, sustained by the plaintiff from being run into by a car of the defendant at the intersection of two streets of a city, while the plaintiff was riding a motor cycle, it was admitted that the street on which the defendant's car was running was one of the principal streets of the city and that the plaintiff was familiar with the crossing. There was evidence warranting a finding that the defendant's car was moving at the rate of forty miles an hour, and also warranting a finding that at the time of the accident a traveller could not reasonably be expected to anticipate that a car would come at that rate of speed along this street. It appeared

that, as the plaintiff approached the crossing, his view of the track in the direction from which the car was coming was obstructed by a building on the corner, and the plaintiff testified that he was going on his motor cycle at the rate of about four or five miles an hour and was fifteen feet from the nearest rail when he first could see the approaching car, which then was seventy feet away, that he shut off the power of his motor cycle, but, finding that he could not stop before getting on the tracks, he put the power on again and bore off at as sharp an angle as possible in the direction away from the car, and that the car hit the back part of the hind wheel of his motor cycle just as he was leaving the car track. The plaintiff further testified that if he had turned completely away from the car without going upon the tracks he could not have made "sure of staying on." The defendant argued that by the plaintiff's own story, he was riding "at a speed at which it was impossible to stop or turn to one side after reaching a point where it was possible to see into the intersecting street and to learn whether or not a car was approaching," and therefore that he was negligent as matter of law. *Held,* that the question of the plaintiff's due care was for the jury, who might find that if the defendant's car had been coming at a rate of speed that reasonably could have been anticipated the plaintiff could have seen the car when it was much farther off, or if it was only seventy feet away would have had more time, and would have crossed the track in safety.

TORT for personal injuries sustained by the plaintiff on Sunday, June 7, 1908, while the plaintiff was riding a motor cycle, from being run into by an electric car of the defendant at the intersection of Cottage Street and Union Street, two public highways in the city of New Bedford. Writ dated August 13, 1908.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff could not be found to have been in the exercise of due care, and could not recover. The judge ruled that the question of the plaintiff's due care was for the jury. He submitted the case to the jury, "and gave them proper instructions thereon, to which no exception was taken." The jury returned a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*O. Prescott,* for the defendant.

*J. T. Kenney,* for the plaintiff.

LORING, J. But one question of law was raised in this case, namely, were the jury warranted in finding that the plaintiff's negligence was not a contributory cause of the accident?

The plaintiff was riding a motor cycle going north on Cottage

Street in the city of New Bedford before sundown on a Sunday afternoon.  Cottage Street crosses Union Street at right angles. Both streets are fifty feet in width including the sidewalks. There was a house on the southeast corner of the two streets, that is to say, on the plaintiff's right side as he rode up Cottage Street, which obstructed his view to the east, the direction from which the car in question was coming.

The plaintiff testified that as he approached Union Street he heard no warning, and that he looked both ways for automobiles and street cars.  That he was going at that time about four or five miles an hour, " as slow as they [motor cycles] could go." " That when he got to where he could look down Union Street quite a ways he saw the electric car " ; he then shut off his power; but seeing that he could not stop before getting on to the tracks he put it on and bore off to the west at as sharp an angle as possible.  The car hit the back part of the wheel of his motor cycle just as he was leaving the car track.  He further testified that if he had turned to the west on Union Street without going on to the tracks he could not have made " sure of staying on."  By his own statement the plaintiff was fifteen feet from the nearest rail when it was possible to look down Union Street, and that the car was then seventy feet away.

It is admitted that Union Street was one of the principal streets of the city, and the plaintiff was familiar with the crossing of these two streets.  The jury were warranted in finding that the defendant's car was coming at the rate of forty miles an hour.

There was a conflict in the evidence as to how far a traveller emerging from Cottage Street could see down Union Street to the east, and how near the defendant's track he would have to be before he could see in that direction.  The jury took a view.

The defendant's contention is that on his own story the plaintiff was riding " at a speed at which it was impossible either to stop or turn to one side after reaching a point where it was possible to see into the intersecting street and to learn whether or not a car was approaching."  That he allowed himself to get into a place of danger unnecessarily, and that this was as matter of law a negligent act.

But there are two facts (or, more accurately, the jury were

warranted in finding two facts) which the learned counsel for the defendant has omitted in this argument, namely: That the defendant's car was coming at the rate of forty miles an hour and that a traveller could not have been reasonably held to anticipate that a car would come at that rate of speed along "one of the principal streets of the city" of New Bedford. If the defendant's car had been coming at any rate of speed that could have been reasonably anticipated the plaintiff could have seen it when it was much farther off, and in the case at bar would have crossed the track in safety, or at least the jury would have been warranted in finding that he would have crossed in safety.

*Exceptions overruled.*