RUPERT W. ROBINSON *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.     September 26, 1911. — May 20, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & LORING, JJ.

*Negligence*, Street railway, Motor cycle, In use of highway. *Evidence*, Competency, Opinion: experts. *Witness.*

At the trial of an action against a street railway company for personal injuries received when the plaintiff, while riding a motor cycle, was run into by a street car of the defendant, there was evidence tending to show that tracks of the defendant's street railway were in the middle of a street forty or fifty feet wide which the plaintiff was approaching from an intersecting street intending to turn to the left thereon, that the plaintiff's view of the street to his right was obscured by a building, that just before he entered from the intersecting street, he listened and looked to see whether a car was coming and shut off his power so that he was going about six miles an hour, that as soon as he could see the street to his right, he noticed a car about forty feet distant coming from that direction at the rate of twenty miles an hour, that no gong had been sounded on the car, that, seeing that he could not continue safely across the defendant's tracks, the plaintiff sought to turn sharply to his left, propelling the cycle by foot power, and to get between the car and the left hand curb of the street, and that before he could do so he was struck by the part of the car just back of the vestibule. *Held*, that the questions, whether the plaintiff was in the exercise of due care and whether the accident was due to negligence for which the defendant was liable, were for the jury.

At the trial of an action for injuries caused by a collision of a street car with a motor cycle which the plaintiff was riding, after the plaintiff had been recalled by the defendant and had been submitted to further cross-examination following a long cross-examination as to details, he was allowed to be asked in redirect examination, "Was there anything you could have done that you did not do to have avoided this collision?" *Held*, that the question was permissible, because, properly interpreted, it called for further facts and not for the plaintiff's opinion.

TORT for personal injuries caused by the plaintiff, while he was riding a motor cycle, being run into by a street car of the defendant. Writ dated May 23, 1910.

In the Superior Court the case was tried before *Sanderson,* J. The facts are stated in the opinion. The jury found for the plaintiff in the sum of $346; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for the plaintiff.

LORING, J. The evidence warranted the jury in finding the following to be the facts in this case: The plaintiff going east on a motor cycle came down Lebanon Street in the city of Springfield and turned into Hancock Street intending to go north on that street. Hancock Street is forty to fifty feet wide, with an electric car track in the middle of it. As the plaintiff "came along up Lebanon Street" he listened and looked to see if a car was coming, and shut off the power "right at the corner," and was then going six miles an hour. There is a house on the southwest corner of Lebanon and Hancock Streets which obstructed the plaintiff's view of a car coming from the south (as the car here in question was coming) up Hancock Street. The gong of the car was not sounded. As soon as the plaintiff got into a position where he could see down Hancock Street to the south, he saw the car here in question coming at the rate of twenty miles an hour; it was then about forty feet away. Realizing that he could not cross to the right hand side of Hancock Street ahead of the car, the plaintiff turned his cycle and "pedalled" to get between the car and the left side line of Hancock Street. He testified that he "went within probably a foot or such a matter of the car track before I turned my machine." But before he succeeded in getting clear and when he was about fifteen feet north of the cross walk on Hancock Street opposite the north line of Lebanon Street, the car struck him "right in the shoulder, the shoulder and side," "caught the machine and threw me [him] on the ground." The part of the car which struck him was just back of the vestibule, where the side of the car "swells" out. The motorman of the car testified that he never saw the plaintiff until he backed his car after the accident to the place where the plaintiff then was. Under these circumstances there is no question of the defendant's negligence.

1. The circumstances of the case so far as the plaintiff's con-

tributory negligence is concerned are substantially the same as those in *Robbins* v. *Dartmouth & Westport Street Railway,* 203 Mass. 546, with two exceptions: In that case the car was or could have been found to be going forty in place of twenty miles an hour and the motor cycle was going four in place of six miles an hour. In both cases, when the plaintiff turned the corner and the car was seen, it was too near to admit of the plaintiff's going in front of it, and the jury could find that each plaintiff (who took the same course of action) did what a reasonably prudent man would have done under the circumstances. Further, in our opinion it could not be ruled as matter of law that the plaintiff was negligent in allowing himself to get into the place of danger in which he found himself. The case at bar is stronger than *Robbins* v. *Dartmouth & Westport Street Railway* in that although the plaintiff there testified that he heard nothing as he approached the corner he did not testify that he listened (as the plaintiff did in the case at bar) before he came to the corner. For other cases which support the conclusion reached in this case see *Hatch* v. *Boston & Northern Street Railway,* 205 Mass. 410; *LeBaron* v. *Old Colony Street Railway,* 197 Mass. 289; *Green* v. *Haverhill & Amesbury Street Railway,* 193 Mass. 428; *Halloran* v. *Worcester Consolidated Street Railway,* 192 Mass. 104; *Williamson* v. *Old Colony Street Railway,* 191 Mass. 144. We have examined all the cases cited by the defendant; they are all of them distinguishable from the case at bar on grounds which are apparent and therefore need not be specifically pointed out.

2. After a long cross-examination as to details, the plaintiff was recalled by the defendant. At the end of this further cross-examination his counsel was allowed to put this question to him: "Was there anything, Mr. Robinson, you could have done that you didn't do to have avoided this collision?" To this the defendant took an exception.

The defendant's counsel has assumed in his argument that this question called for the plaintiff's opinion upon the issue whether he did all that could have been done to avoid the collision. If that had been the true meaning of the question it would have been incompetent. Of that there is no doubt. *Short Mountain Coal Co.* v. *Hardy,* 114 Mass. 197. *Providence Tool Co.* v. *United States Manuf. Co.* 120 Mass. 35. *Spillane* v. *Fitchburg,* 177 Mass. 87.

*Whipple* v. *Rich,* 180 Mass. 477.   *Meehan* v. *Holyoke Street Railway,* 186 Mass. 511.   On the other hand it is equally free from doubt that it would have been competent for his counsel to have asked the plaintiff whether he recalled any further fact bearing upon the question of his having done all that could have been done to avoid the collision.

The question asked and allowed did not in terms ask for the plaintiff's opinion on the one hand nor on the other hand did it in terms ask if there were further facts bearing on this matter. The question was so framed that its true character is not perfectly clear.   But we are of opinion that it must be taken to have called for further facts and not for the plaintiff's opinion.   Its framework is not unlike that of the question allowed where the mental condition of a person is in issue.   In such a case it is settled that a witness who saw the person can be asked what, if anything, he saw which indicated that the person was of unsound mind.   This question is allowed because, properly construed, it seeks to get facts which bear upon the unsoundness of the mind of the person in question, and does not seek to get the witness's opinion upon the significance of what he saw.   See *Clark* v. *Clark,* 168 Mass. 523;   *Hogan* v. *Roche,* 179 Mass. 510;   *McCoy* v. *Jordan,* 184 Mass. 575;   *Gorham* v. *Moor,* 197 Mass. 522.

*Exceptions overruled.*